## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| TEXAS GUARANTEED STUDENT | § | |
| LOAN CORPORATION, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | NO. 6:18-CV-00341 |
| | § | |
| PHILLIP C. FLETCHER | § | |
| Defendant. | § | |

## PLAINTIFF TEXAS GUARANTEED STUDENT LOAN CORPORATION'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Texas Guaranteed Student Loan Corporation ("TGSLC"), and files this Original Complaint seeking relief against the Defendant, Phillip C. Fletcher (the "Defendant") and would show the Court as follows:

### PARTIES

1.      TGSLC is a non-profit corporation and has the power to prosecute this suit.  *See* TEX. EDUC. CODE § 57.011; TEX. BUS. ORG. CODE § 2.101(1).

2.      The Defendant is an individual that may be served with process at 800 N. Mallard Street, Palestine, Texas 78552.

### JURISDICTION

3.      This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331, as a civil action arising under 20  U.S.C. § 1095a(a)(6).

## VENUE

4.      Because the Defendant is a resident of the Eastern District of Texas, venue for this action is proper in this District pursuant to 28 U.S.C. §§ 124(a), 1391(c).

## FACTUAL ALLEGATIONS

5.      Under Title IV, Part B of the Higher Education Act of 1965, Congress enacted a program in which the federal government encouraged the making of loans by private lenders to eligible students to finance the students' postsecondary education.  *See* 20 U.S.C. §§ 1071(a), 1085(d).  The federal government encourages the making of these loans by having the U.S. Secretary of Education ("the Secretary") pay part of the student's interest costs and guarantee repayment of the loan if the student defaults.  *Id.* § 1078(a), (c).  This program is presently known as the Federal Family Education Loan Program ("the Loan Program").

6.      To assist the Secretary in implementing and operating the Loan Program, Congress provides that the Secretary may enter into agreements with guaranty agencies.  *See,* 20 U.S.C. § 1085(j).  A guaranty agency guarantees payment of a loan made by an eligible lender and pays the holder of the loan if the student defaults.  The Secretary then reimburses the guaranty agency for all or part of these payments under a reinsurance agreement with the agency.  *Id.* § 1078(c).  Guaranty agencies also receive funds to administer the program on behalf of the Secretary, including collecting defaulted student loans upon which the guaranty agency has paid the holder and received reimbursement from the Secretary.  *Id.* § 1078(c)(2); 34 C.F.R. § 682.410(b).  When a guaranty agency collects money on a defaulted student loan, it sends the majority to the Secretary

and retains a portion of the money to defray its costs of collection.  20 U.S.C. § 1078(2)(D).

7.      To assist the Secretary and guaranty agencies in collecting defaulted student loans, in 1991 the U.S. Congress gave these entities the authority to administratively issue orders to defaulted borrowers' employers requiring the withholding of up to fifteen percent of the disposable pay of these borrowers.  *See* 20 U.S.C. § 1095a.  This section explicitly preempts state laws and sets out procedures for providing students with due process, including prior notice of the agency's intent to withhold, a hearing if requested, and the issuance of a withholding order.  20 U.S.C. § 1095a(a), (b); *see also* 34 C.F.R. § 682.410(b)(10).  This section also provides that guaranty agencies may sue employers who do not deduct and pay over wages to the agency as directed in the withholding order.  20 U.S.C. § 1095a(a)(6); *see also* 34 C.F.R. § 682.410(b)(10)(i)(F).

8.      TGSLC is a guaranty agency and has entered into a reinsurance agreement with the Secretary in accordance with 20 U.S.C. § 1078(c).  Pursuant to its authority under this agreement and former section 57.41(a) of the Texas Education Code, TGSLC guaranteed certain student loan promissory note(s) for Jennifer S. Hart ("Borrower").  Pursuant to its guarantees, TGSLC paid the note holder(s) and received an assignment of the note(s).  TGSLC also received reinsurance from the Secretary and undertook collection of the notes.

9.      Borrower is employed by Defendant and earns at least the minimum wage ($7.25) per hour and works at least 40 hours per week.

10.     As part of its collection efforts, TGSLC instituted proceedings to withhold a portion of the Borrower's wages from the Defendant. TGSLC performed all conditions necessary to issue a wage withholding order.

11.     TGSLC issued a wage withholding order on September 26, 2017.  A true and correct copy of that order is attached as Exhibit "A."

12.     Defendant did not remit all required payments in accordance with the order.  TGSLC sent Defendant a subsequent notice on November 14, 2017 requesting compliance with the original order.  Attached as Exhibit "B" is a true and correct copy of that subsequent notice and the signed receipt.

13.     TGSLC sent Defendant an additional notice on March 19, 2018 requesting compliance with the original order.  Attached as Exhibit "C" is a true and correct copy of that subsequent notice and the signed receipt.

14.     Defendant has at all relevant times failed and refused to fully comply with the withholding order and has not withheld the appropriate portion of the wages of the Borrower, its employee.

## VIOLATION OF 20 U.S.C. § 1095a

15.     Based upon the foregoing allegations, Defendant is in violation of 20 U.S.C. § 1095a by refusing and failing to withhold the appropriate portion of the wages of the Borrower, its employee.  This provision of federal law allows guaranty agencies, such as TGSLC, to administratively garnish fifteen percent of the disposable pay of defaulted student loan borrowers by issuing a wage withholding order to the borrower's employer.

16.     Because Defendant has refused to fully comply with the order sent to it by TGSLC to withhold a portion of the wages of the Borrower, Defendant is liable for any and all amounts it failed to withhold following receipt of the order

in this case.  20 U.S.C. § 1095a(a)(6). This amount would be either fifteen percent of the Borrower's disposable pay or such lesser amount as is dictated by 15 U.S.C. § 1673, from the date of Defendant's receipt of the withholding order to the date the Borrower ceases to be employed by Defendant or the date this Court enters judgment, less any payments already remitted.

17.     Plaintiff is also entitled to its attorneys' fees and court costs as a result of hiring the undersigned counsel to prosecute this suit. 20 U.S.C. § 1095a(a)(6).

WHEREFORE, PREMISES CONSIDERED, TGSLC respectfully requests this Court to grant TGSLC:

a.     Damages from Phillip C. Fletcher for the amount of money it should have paid over to TGSLC out of the wages of the Borrower.

b.     Postjudgment interest on this amount as allowed by law;

c.     Reasonable attorneys' fees and costs of court; and

d.     Such other and further relief to which TGSLC may show itself entitled.

Respectfully submitted,

RAY & WOOD

By:_____
      Doug W. Ray
      State Bar No. 16599200
2700 Bee Caves Road, Suite 200
Austin, Texas 78746
(512) 328-8877 (Telephone)
(512) 328-1156 (Fax)
dray@raywoodlaw.com

- 6 -

*ATTORNEYS FOR PLANTIFF TEXAS GUARANTEED STUDENT LOAN CORPORATION*

# TG™

P.O. Box 83100  Round Rock, Texas 78683-3100  | (800) 222-6297 | (512) 219-7337 | www.tgslc.org

**IN RE**
**STUDENT LOAN DEBT OF**
**JENNIFER S HART, DEBTOR**

§
§
§

**EMPLOYER:**
**PHILLIP C FLETCHER LAW OFFICE**
**800 N MALLARD ST**
**PALESTINE, TX 75801-2365**

## ORDER OF WITHHOLDING FROM EARNINGS

Pursuant to authority granted the Texas Guaranteed Student Loan Corporation (TG) by federal law (Public Law 102-164; as amended by Public law 109-171; 20 U.S.C. §1095a et seq.) as the current holder of the debt identified below, **YOU**, the employer of the debtor named below, **ARE HEREBY ORDERED AND DIRECTED** to withhold income from the debtor's disposable pay from this employment for payment of defaulted student loan(s), as follows:

| | | | |
|---|---|---|---|
| **Debtor:** | **JENNIFER S HART** | **Case Number:** | 8200 |
| **Address:** | **1047 E PALESTINE AVE APT 2** | **SSN#:** | -9205 |
| | **PALESTINE, TX 75801-7343** | **Total Amount Currently Due:** | **$39,431.18** |

**Amount to Withhold:**
Employer **SHALL DEDUCT AND PAY TO TG** from the debtor's wages fifteen percent (15%) of the debtor's disposable pay for each pay period, or the amount permitted by 15 U.S.C. 1673, unless the debtor provides TG with written consent to deduct a greater amount. **This amount SHALL be deducted** until the amount set forth above as the "Total Amount Currently Due", plus all further accrued interest, is fully paid.

**Time for Withholding:**
Employer is **DIRECTED to begin withholding** from the debtor's disposable pay beginning with **the first pay period** that occurs after the issuance of this Withholding Order.

**Method of Payment:**
Employer is **DIRECTED TO PAY all amounts withheld** on each regular pay day, no less frequently than once each month, to:

**TG**
**P.O. Box 659601**
**San Antonio, TX 78265-9601**

All payments **MUST identify** the debtor and the debtor's case number or social security number.

Section 488A of the Higher Education Act provides that an employer who fails to comply with a garnishment order issued under this law will be liable for any amounts that are not so withheld following its receipt, in addition to costs of suit as a result of legal action authorized under the law.

**THIS ORDER OF WITHHOLDING IS ISSUED BY TG ON September 26, 2017.**
TG Collections
Email: collections@tgslc.org

EXHIBIT A



P.O. Box 83100  Round Rock, Texas 78683-3100 | (800) 222-6297 | (512) 219-7337 | www.tgslc.org

November 14, 2017

ı11ıı1ı1ıııı1ı1ıı1ıı1ıı1ı1ı11ı1ıı1ı1ı1ı1ı1ıı1ı1ı1ı1ı
PHILLIP C FLETCHER LAW OFFICE
ATTN: PAYROLL
800 N MALLARD ST
PALESTINE, TX 75801-2365

RE:     JENNIFER HART, DEBTOR
        TG ACCOUNT # ███████8200

Dear Employer:

On 09/26/2017, the Texas Guaranteed Student Loan Corporation (TG) issued an ORDER OF WITHHOLDING FROM EARNINGS (Order) for JENNIFER HART, Debtor, (SSN ███-9205) requiring the employer to withhold a percentage of the debtor's wages for payment of defaulted student loan(s).  Our records indicate this company employs this debtor.  For your reference, a second copy of that Order is enclosed with this Second Notice.

TG's records reflect that, as of the date of this second notice, we have not received the wage garnishment payments that the Order requires the employer to make.

Under federal law, TG is required to sue any employer who fails to garnish wages after receipt of an Order.  If TG is forced to file suit, it is entitled to seek not just the amount an employer fails to garnish, but also attorney's fees, costs and punitive damages.  Unless TG receives your garnishment payment within thirty (30) days after the issuance of this second notice, TG must review this matter for further legal action.

If the debtor referenced in the Order no longer works for the employer, you must notify TG to preclude liability for failure to comply with the Order.  A second Employer Acknowledgement of Wage Withholding Obligation is enclosed with this Second Notice.  You must complete the appropriate spaces on the form and return it to TG so that the Order may be released.

If you have not sent in a wage garnishment payment for this debtor because the debtor's next pay period following the issuance of the Order has not yet occurred, you must fill out the pay period information on the Employer Acknowledgement and return it to TG.

If you have already made the wage garnishment payment(s) for this debtor, please call TG at the number listed below to confirm that the payment was received.

Your cooperation is essential to the success of this program.

If you have any questions regarding this second notice or the wage garnishment process, please contact the Administrative Wage Garnishment Team at (800) 252-9743, ext. 4125 or (512) 219-5700, ext. 4125.

This second notice is issued on 11/14/2017.

TG Collections
Email: collections@tgslc.org

CERTIFIED MAIL # _7016 1370 0001 0228 9160_____

EXHIBIT B



SENDER: COMPLETE THIS SECTION

Complete Items 1, 2, and 3.

Print your name and address on the reverse so that we can return the card to you.

Attach this card to the back of the mailpiece, or on the front if space permits.

Article Addressed to:

7016 1370 0001 0228 9160

8200

PHILLIP C FLETCHER LAW OFFICE
ATTN: PAYROLL
800 N MALLARD ST
PALESTINE, TX 75801-2365

Article Number (Transfer from service label)

7016 1370 0001 0228 9160

B Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X ☑ Agent
☐ Address

B. Received by (Printed Name)    C. Date of Deliv

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:    ☐ No

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restri Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmatio
☐ Signature Confirmatio Restricted Delivery

Domestic Return Rece

USPS TRACKING #

9590 9402 2970 7094 7332 67

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

TG
ATTN: AWG
P. O. BOX 83100
ROUND ROCK, TX 78683-3100

EXHIBIT B



PO Box 83100 Round Rock, Texas 78683-3100  |  800-252-9743  |  512-219-5700  |  www.trelliscompany.org

March 19, 2018

PHILLIP C FLETCHER LAW OFFICE
ATTN: PAYROLL/GARNISHMENTS
800 N MALLARD ST
PALESTINE, TX 75801-2365

RE:    JENNIFER HART, DEBTOR
       TRELLIS ACCOUNT# ██████████ 8200

Dear Employer:

This letter will serve as a final notice that Texas Guaranteed Student Loan
Corporation/Trellis Company (Trellis) has not received the wage garnishment payments the
ORDER OF WITHHOLDING FROM EARNINGS (Order) for JENNIFER HART, debtor, (SSN: ██
██ -9205) requires you, the employer, to submit.

Please understand that under federal law, Trellis is required to sue an employer who fails to
comply with an Order.  If Trellis is forced to file suit, it is entitled to seek not just the
amount an employer fails to garnish, but also attorney's fees, costs and punitive damages.

Please avoid the annoyance and cost of litigation by voluntarily complying with the Order
previously sent to you within 15 days of the date of this letter; otherwise, legal action may
result.

If you have any questions regarding the wage garnishment process or you are having
problems getting this garnishment implemented, please contact the Administrative Wage
Garnishment Team at (800) 252-9743, ext. 4125, or (512) 219-5700 ext. 4125.

Regards
Trellis Company
Email: wagewith@trelliscompany.org


CERTIFIED MAIL #   7017 1000 0000 1335 5551


EXHIBIT C



EXHIBIT C